**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LATOYA APRIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:13-cv-00673-L** |
| | ) | |
| **HUDIBURG NISSAN, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **The Honorable Judge Tim Leonard** |

<u>FINAL PRETRIAL REPORT</u>

All Counsel Who Will Appear At Trial:

Appearing for Plaintiff:        M. Kathi Rawls, OBA # 18814
                                Minal Gahlot, OBA # 22145
                                Patrick M. Ahern, OBA # 31931
                                RAWLS LAW OFFICE, P.L.L.C.
                                2404 S. Broadway
                                Moore, OK  73160
                                (405) 912-3225        Telephone
                                mkr@rawlslawoffice.com
                                minal@rawlslawoffice.com
                                patrick@rawlslawoffice.com

Appearing for Defendant:        Hilary S. Allen, OBA # 16979
                                Kaci L. Trojan, OBA # 22752
                                Durbin, Larimore & Bialick
                                920 North Harvey
                                Oklahoma City, OK  73102-2610
                                (405) 235-9584        Telephone
                                (405) 235-0551        Facsimile
                                dlb@dlb.net

JURY TRIAL DEMANDED:        __x__        NON-JURY TRIAL:        _____

1

1.      BRIEF PRELIMINARY STATEMENT. State briefly and in ordinary language the facts and positions of the parties to inform the Judge of the general nature of the case.

PLAINTIFF'S PRELIMINARY STATEMENT.

        On February 23rd, 2013, Plaintiff Latoya April (April) purchased a 2013 Nissan Versa from Defendant Hudiburg Nissan, LLC (Hudiburg) in exchange for her lien free 2006 PT Cruiser (PT).  April executed various documents, including a Retail Installment Sales Contract (RISC) and a Motor Vehicle Delivery Agreement (MDVA) but was given no opportunity to read or even hold any of the documents.  Hudiburg's RISC evidenced a purchase price of $14, 080.00 at $311/96 per month for 72 months.  However, unknown to April, Hudiburg's MDVA stated it would safely retain the PT or she could terminate the transaction at any time within the first 10 days if a bank was unwilling to purchase Hudiburg's RISC.  April drove the Versa home with her mother with the belief she was the owner, obligated to provide insurance an make all the payments.

        On February 25th, after four (4) years, April was laid off by her employer when she arrived at work.  Later that morning, Hudiburg called April to say they had gotten a lower interest rate and requested she return to "accept the lower rate".  Hudiburg requested April execute an electronic signature pad as a way to "accept" the lower rate but disclosed nothing more.  Hudiburg then provided April with a "review copy" of a second RISC, evidencing a purchase price of $16, 600.00 at $333.61 per month for 72 months.  Hudiburg explained the increases by stating Capital One required an Extended Warranty costing $2000  Hudiburg provided no explanation regarding its' rescission of its first RISC and provided no Notice of Adverse Action to April.  Prior to receiving a check from Capital One and in violation of its MVDA, Hudiburg sold April's PT on February 27th, 2013.

        On March 4th, Hudiburg asked April for the first time if she was still employed.  April stated she was not but had been awarded unemployment.  Hudiburg immediately requested April facsimile her prior year W-2 or return the Versa.  Hudiburg began a phone campaign to force April to return.  Hudiburg demanded April execute a third (3rd) RISC or face repossession.  April requested the return of her PT but was informed it had been sold.

        On March 25th April returned to Hudiburg to review the 3rd RISC but refused to sign it.  On April 1st, April returned to Hudiburg with ABC television reporter Ned Berkowitz, and requested the return of her PT in exchange for the Versa.  Hudiburg refused, stating "its first RISC was no good, the PT had been sold and that 50% of its customers had to sign 2nd RISC's". April left Hudiburg,

2

mailed her first payment pursuant to Hudiburg's first RISC in the amount of $312.00.

On April 30th, Hudiburg informed April that her payment was insufficient and should be $333.61, pursuant to its second RISC. Shortly thereafter April returned the Versa to Hudiburg and filed this litigation because Hudiburg refused to honor its' first RISC.

DEFENDANT'S PRELIMINARY STATEMENT.

The parties to this case are Plaintiff, Latoya April, and Defendant Hudiburg Nissan, LLC, the Defendant.

The parties admit that in the evening of February 23, 2013, Plaintiff went to Hudiburg Nissan to attempt to purchase a vehicle. As part of the purchase, the dealership agreed to purchase a trade-in vehicle Plaintiff currently owned, a 2006 PT Cruiser. Plaintiff found a 2013 Nissan Versa that she liked and she and Hudiburg discussed the terms of the sale. As part of the purchase process and because Plaintiff was going to need to finance the vehicle, Hudiburg presented Plaintiff with a credit application that she signed and advised her it would be sent out to lenders/creditors upon submission for approval of Plaintiff's car deal/loan.

Because of the hour of day, or it being the late evening on a Saturday, Hudiburg claims that it advised Plaintiff that it would have to discuss her terms of financing with the companies during banking hours on the following Monday, February 25, 2013, but thought they could get her approved so told Plaintiff she could take the Nissan Versa home with the understanding that the sale was not approved yet by a bank or lender and would have to be before the purchase was final. In addition, the paperwork Plaintiff signed specifically provided that Plaintiff's car transaction was not final. Defendant further claims that Hudiburg discussed various finance products with Plaintiff, including GAP and extended warranty and sold Plaintiff GAP coverage with the understanding that if Plaintiff qualified for a more expensive extended warranty, Plaintiff wanted the extended warranty and it would be added instead of the GAP coverage.

Defendant claims that Plaintiff signed multiple documents pertaining to the purchase of the vehicle on February 23, 2013, but Plaintiff denies signing some of these documents despite her signature being present on them. Regardless, the parties agree that Plaintiff left the dealership on the evening of February 23, 2013, with the Nissan Versa and left her PT Cruiser with Hudiburg.

On February 25, 2014, in the early morning, Hudiburg submitted Plaintiff's credit application to various lenders and received responses from each almost immediately.

None of the creditors accepted the specific terms of Plaintiff's February 23, 2013, loan as some declined and some sent counteroffers. Thus, Hudiburg called one of the lenders, Capital One, and negotiated for a better interest rate.

As a result, Hudiburg contacted the Plaintiff and advised of the lower interest rate and told Plaintiff to come back in and sign paperwork according to the new terms. On that same day, February 25, 2013, Plaintiff returned to the dealership and signed a new purchase agreement and retail installment contract agreement with different financial terms. Plaintiff also denies that she signed some of these documents that bear her signature. Defendant contends that based on Plaintiff's requests and discussions with Plaintiff on February 23, 2013, the Gap coverage was removed and an extended warranty was added for $2,000. Defendant Hudiburg denies that it ever advised Plaintiff was required to purchase the extended warranty or that the extended warranty was in any way tied to the approval of the loan.

Unbeknownst to Hudiburg, the morning of February 25, 2013, several hours before the Plaintiff came in to sign these documents, she had been laid off from her job. Plaintiff did not advise Hudiburg of this fact and instead, faxed her pay stub to Hudiburg. Based on Plaintiff's pay stub and representation of income, Capital One approved Plaintiff's financing at a lower interest rate than her previous contract but Plaintiff's loan was larger because of the addition of the extended warranty. Hudiburg believed that Capital One had approved the financing and that anything else was a formality.

Subsequently, on March 4, 2013, Capital One contacted the Plaintiff to verify her credit application information submitted and determined that she had been laid off and was no longer employed. Capital One then advised Hudiburg because Plaintiff had lost her job, it would no longer agree to finance her loan.

Hudiburg requested that she return to the dealership to sign another contract with the same terms as the February 25, 2013, contract that Plaintiff had previously signed but with another lender that Hudiburg had contacted and gotten verbal approval for acceptance of the loan. However, Plaintiff refused to sign another contract and in the mean time, because Hudiburg believed that the deal was being financed by Capital One, it inadvertently sold Plaintiff's trade in at an auto auction on February 27, 2013. Because Plaintiff refused to sign the contract, Hudiburg eventually agreed to finance the deal for Plaintiff and to let the Plaintiff make her payments directly to Hudiburg. In April, the Plaintiff made a payment in accord with the original February 23, 2013 paperwork. Hudiburg accepted this payment and cashed the check. However, Hudiburg's accounting department advised Plaintiff that her payment should have been approximately $20 higher, which was the amount of the February 25, 2013 contract. The Plaintiff never made any more payments to Hudiburg for the new Nissan Versa for any amount, although Hudiburg had agreed to accept the financing and allow Plaintiff to make payments to it directly due to the issues with her trade in. Plaintiff ultimately returned

the vehicle to Hudiburg after having it and driving it for over three months, two months which were never paid.

2.    <u>JURISDICTION</u>.    The basis on which the jurisdiction of the Court is invoked:

    1.    This action is brought for relief under _____.
    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1343. 42 U.S.C. §§2000 e, et seq.
    3.    Venue is founded upon _____.

3.    <u>STIPULATED FACTS</u>.    List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdiction facts.

    **A.**    The parties are properly before the Court.
    **B.**    Jurisdiction and venue are proper in this Court.
    **C.**    Plaintiff is a female citizen of the United States.
    **D.**    Defendant Hudiburg Nissan, LLC, maintains its primary place of business in Oklahoma.
    **E.**    On February 23, 2013 Plaintiff Latoya April signed a Retail Installment Sales Contract (RISC) with Defendant Hudiburg Nissan.
    **F.**    Defendant utilized DealerTrack Technologies to attempt to sell its loan to Plaintiff to six Indirect Lenders.
    **G.**    Defendant sold the Plaintiff's trade in on February 27th, 2013.
    **H.**    Defendant received the Plaintiff's first payment pursuant to its 2/23/13 Retail Installment Sales Contract on April 3rd, 2013.
    **I.**    Plaintiff never made another payment on the vehicle after April 3, 2013.
    **J.**    Plaintiff lost her job on February 25, 2013, prior to faxing her check stub to Hudiburg representing that she was making an income.

4.    <u>LEGAL ISSUES</u>.    State separately, and by party, each disputed legal issue and the authority relied upon.

    A.    <u>Plaintiff</u>:

| NO. | THEORY OF RECOVERY | APPLICABLE STATUTE, ORDINANCE OR COMMON LAW RULE |
|---|---|---|
| 1. | Violation of the Truth-in-Lending Act | 5 U.S.C. §1601, et. seq. (TILA) |
| 2. | Violation of Oklahoma Consumer Protection Act | 15 O.S. 750 (13) et seq., 15 O.S. 750 (13), 761.1. |
| 3. | Violation of Equal Credit Opportunity Act | 15 U.S.C. 1691 et seq., 12 CFR 202.9 |
| 4. | Breach of Contract | Common Law |
| 5. | Conversion | Common Law |
| 6. | Injunctive Relief and Declaration that 47 O.S.  563 F is unconstitutional | Federal Preemption |

B.    Defendant:

| | Grounds for Defense | Applicable Statute, Ordinance, Common Law Rule |
|---|---|---|
| a. | General and specific denial | Common law |
| b. | Defendant Hudiburg denies that it violated the Oklahoma Consumer Protection. | 15 O.S. 750 (13) et seq., 15 O.S. 750 (13), 761.1. |
| c. | Defendant Hudiburg denies that it refused to return her vehicle and further denies that it violated the Equal Credit Opportunity as Plaintiff received all written notification letters that she was required to receive. | 12 CFR  §202.9; 15 U.S.C.A. §1691; |

|     | Grounds for Defense | Applicable Statute, Ordinance, Common Law Rule |
| --- | --- | --- |
| d. | Defendant Hudiburg denies it breached the contract with Plaintiff in requiring her to sign a second contract on February 25, 2013 | Common law |
| e. | Defendant Hudiburg finally denies that it violated the Truth In Lending Act by a spot delivery or motor delivery agreement as part of the car transaction as the agreements were approved by the Oklahoma Motor Vehicle Commission and by Oklahoma law. | 47 O.S. § 563F |
| f. | Defendant has not committed any act or omission that would entitle Plaintiff to punitive damages. | Common law |
| g. | Plaintiff caused or contributed to any alleged damages which she may have suffered. | |
| h. | Plaintiff has failed to mitigate any damages which she may have incurred. | |
| i. | Defendant did not commit conversion of Plaintiff's PT Cruiser | Common law |
| j. | Defendant denies it committed any deceptive trade practices | 5 U.S.C. §1601, et. seq. (TILA); common law |

5. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

    A.    <u>Plaintiff</u>:

| NO. | DAMAGES OR RELIEF SOUGHT | AMOUNT OR TYPE |
|---|---|---|
| 1. | Actual & Consequential damages | To be determined |
| 2. | Mental Pain and Suffering | To be determined |
| 2. | Statutory damages and penalties | $2000 TILA Penalty & $2000 per Deceptive Trade Practice, $2000 per ECOA claim and $10,000 ECOA punitive damages |
| 3. | Exemplary Damages | 23 O.S. § 9.1D |
| 4. | Attorney fees and costs | TILA, ECOA and OCPA |

      B.    <u>Defendant</u>:

6.    <u>MOTIONS PENDING AND/OR ANTICIPATED</u>.

A.  Mutual Motions for Summary Judgment on TILA and Injunctive Releif.

7.  <u>EXHIBITS</u>

      A.    <u>Plaintiff</u>:

| Exhibit No.: | Title or Description | Obj. | Fed Rule of Evidence | Bates No.: |
|---|---|---|---|---|
| 8. | 2/23/13 RISC | | | 1-2 |
| 9. | 2/23/13 MVDA | | | 3. |
| 10. | 2/23/13 Purchase Agreement | | | 4 - 5 |
| 11. | 2/25/13 Facsimile Cover Sheet from April to Hudiburg | | | 6-8 |
| 12. | 2/25/13 Arbitration Agreement | | | 9 |
| 13. | 2/25/13 TT & L Agreement | | | 10 |

| 14. | 2/23/13 Odometer Statement | | 11-12 |
|---|---|---|---|
| 15. | Power of Attorney Form produced by State of OK | | 13- 14 |
| 16. | App to Replace Lost Title | | 15-16 |
| 17. | 2/25/13 Purchase Agreement | | 17-18 |
| 18. | Acknowledgment of Re-written Contract | | 19 |
| 19. | 3/17/13 Exeter Adverse Action Notice to Ms. April | | 20 |
| 20. | 2/25/13 Purchase Agreement | | 21-22 |
| 21. | 3/11/13 Ally Financial Adverse Action Notice | | 23-26 |
| 22. | Ms. April's 2012 W-2 | | 27 |
| 23. | 3-1-13 Lien Holder Release filed by Hudiburg | | 28 |
| 24. | 10-4-13 Letter to Plaintiff's counsel from OTC | | 29 |
| 25. | 10-4-13 Receipt to Plaintiff's counsel from OTC | | 30 |
| 26. | 10-4-13 OTC Receipt showing Hudiburg as Lien holder | | 31 |
| 27. | 4/30/13 Hudiburg Nissan Statement Remittance w/note from Marci | | 32 |
| 28. | CTH on 2006 PT Cruiser | Relevance ; 401 et seq. | 33-43 |
| 29. | DealerTrack Excel Spreadsheets and Contracts With Hudiburg Nissan, LLC | Relevance ; 401 et seq. | 87-119 |
| 30. | Documents produced by OMVC & Roy Dockum in Response to Subpoena | | 120-143 |
| 31. | NADA Value of Ms. April's PT Cruiser | Unauthenticated; hearsay 901; 801 et seq. | 144-45 |
| 32. | Updated CTH on 2006 PT Cruiser | Unauthenticated; | 146-148 |

| | | | |
|---|---|---|---|
| | | hearsay 901; 801 et seq. | |
| 33. | 4/11/13 Capital One Auto Finance Adverse Action Notice | | 149-150 |
| 34. | Carfax Report on 2006 PT Cruiser | Unauthenticated; hearsay; relevance; 901; 801 et seq.; 401 et seq. | 151-165 |
| 35. | 4-4-13 2013 Versa Title evidencing the removal of COAF as lien holder | | 222-223 |
| 36. | 3/17/13 AmeriCredit Adverse Action Notice to Ms. April | | 224 |
| 37. | 2/28/14 Email from Takehiro Terai to Ms. April about customer survey | Relevance; 401 et seq. | 234-235 |
| 38. | Ms. April's Insurance Coverage 2013 Versa beginning 2/13/13 | | 308 |
| 39. | Home Care Medical Mart Letter of Recommendation to Ms. April | | 309 |
| 40. | Buyer's Copy-Buyer's Tag Receipt date 2/12/13 | Not produced or identified so Defendant reserves all objection | |
| 41. | 2/25/13 Customer Copy of Extended | Not | |

| | | | |
|---|---|---|---|
| | Warranty | produced or identified so Defendant reserves all objection | |
| 42. | Autocheck Vehicle History on 2006 PT Cruiser as of 5/1/2013 | Not produced or identified so Defendant reserves all objection | |
| 43. | Salesperson Checklist Before Going to Business Manager | | (HUD 1) |
| 44. | Pre-Delivery Sheet | | (HUD 2) |
| 45. | Finance Sheet | | (HUD 3) |
| 46. | Handwritten Notes | | (HUD 4) |
| 47. | Price Quote Request Form | | (HUD 4b) |
| 48. | Appraisal Form 2/23/13 | | (HUD 5) |
| 49. | VIN/ZIP Incentive Lookup 2/23/13 | | (HUD 6) |
| 50. | Hudiburg Nissan VIN Verification Form | | (HUD 7) |
| 51. | We Owe/You Owe Form 2/23/13 | | (HUD 8) |
| 52. | Motor Vehicle Delivery Agreement 2/23/13 | | (HUD 9) |
| 53. | Customer's Statement | | (HUD 10 and/or 11) |
| 54. | Retail Installment Sales Contract 2/23/13 | | (HUD 175-176) |
| 55. | Purchase Agreement 2/23/12 | | |

| 56. | Agreement to Provide Insurance 2/23/13 | | (HUD 65 and/or 66) |
|---|---|---|---|
| 57. | Power of Attorney signed on 2/23/13 | | (HUD 138) |
| 58. | Pre-Delivery Inspection Checklist | | (HUD 73) |
| 59. | 2013 Versa Sedan Delivery Checklist | | (HUD 74) |
| 60. | 2013 Versa Sedan Delivery Checklist | | (HUD 75) |
| 61. | References Sheet for Latoya April | | (HUD 76) |
| 62. | Odometer Disclosure Statement for Nissan Versa from 2/23/13 | | (HUD 77 and/or 78) |
| 63. | Odometer Disclosure Statement for Trade In Vehicle | | (HUD 79) |
| 64. | Copy of Latoya April's Driver's License | | (HUD 80) |
| 65. | Copy of Car Insurance Card for Latoya April | | (HUD 152) |
| 66. | MSRBP of Versa | | |
| 67. | DealerTrack Application Form | | (HUD 27-37,54) |
| 68. | Transunion Credit Report Summary for Latoya April 2/23/13 | | (HUD 51 -53) |
| 69. | Transunion Credit Report Summary for Latoya April (unredacted) | | |
| 70. | DealerTrack Application Decision Information History 2/25/13 | | (HUD 38-39) |
| 71. | Customer Folder Detail Form for Latoya April | | (HUD 40 and/or 41) |
| 72. | Copy of Latoya April's Car Insurance Card | | (HUD 47) |
| 73. | DealerTrack e Contracting Fax Cover Sheet | | (HUD 42 and HUD 43) |
| 74. | Capital One Financing Approval 2/25/13, submitted | | (HUD 46) |
| 75. | Capital One Financing Approval 2/25/13, received at 2:37 pm | | (HUD 44 or 45) |

| 76. | NMAC/IFS Application Status 2/25/13 | | (HUD 89) |
|---|---|---|---|
| 77. | Odometer Disclosure Statement for Trade In Vehicle dated 2/25/13 | | |
| 78. | TT&L Agreement dated 2/25/13 | | |
| 79. | E-Contract photographed shots of e-pad language | | (HUD 317-319) |
| 80. | Copy of Cover Folder for Sale of Nissan Versa to Latoya April (HUD 61) | | |
| 81. | Purchase Agreement 2/25/13 (HUD 13 and 13b) | | |
| 82. | Acknowledgment of Rewritten Contract 2/25/13 | | (HUD 15) |
| 83. | Retail Installment Sale Contract Simple Finance Charge E-Contract | | HUD 19-24 |
| 84. | Privacy Notice and Customer Choice dated 2/25/13 | | (HUD 57) |
| 85. | Nissan Incentive Claim Form 2/25/13 | | (HUD 62) |
| 86. | Identity Theft Prevention Program Worksheet 2/25/13 | | (HUD 63) |
| 87. | Red Flags Detected Form | | (HUD 64) |
| 88. | Vehicle Service Contract Application/Declaration 2/25/13 | | (HUD 84 and/or 85) |
| 89. | Hudiburg Auto Group Delivery and Document Confirmation 2/25/13 | | (HUD 86) |
| 90. | Hudiburg Auto Group TT&L Agreement 2/25/13 | | (HUD 96) |
| 91. | Retail Installment Sales Contract - MECU unsigned contract | | (HUD 12 and 12b, HUD 16 and 17) |
| 92. | ME/CU Addendum to Retail Installment Sales Contract | | (HUD 26) |
| 93. | ME/CU Account/Signature Card | | (HUD 25) |
| 94. | Account Services Form | | (HUD 55) |

| 95. | Nissan Motor Company Vehicle Invoice 11/27/12 | | (HUD 59) |
|---|---|---|---|
| 96. | DealerTrack EPad Pictures | | HUD 317-319 |
| 97. | Nissan Invoice for Versa 1/20/12 | | (HUD 56,58 and/or 60) |
| 98. | Hudiburg receipt dated 11/29/13 re: Versa | | (HUD 320) |
| 99. | VinSolutions Customer Dashboard for Latoya April | | (HUD 67-70) |
| 100. | Capital One Auto Finance Conditions for 89141482 as of Saturday, June 1,2013 | | (HUD 71) |
| 101. | Hudiburg Nissan Deal Activity Sheet for Latoya April 2/25/13 | | (HUD 49, 82) |
| 102. | Hudiburg Nissan Deal Activity Sheet for Latoya April 2/23/13 | | (HUD 50,83) |
| 103. | Deal Recap for Latoya April | | (HUD 87) |
| 104. | Hudiburg Used Inventory Sheet on PT Cruiser | | HUD 146 |
| 105. | 4/26/13 Receipt on Payment by Plaintiff for first month of RISC | | HUD 147 |
| 106. | Latoya April's W-2 Form for 2012 faxed on 3/7/13 from Plaintiff | | (HUD 154) |
| 107. | Profit Recap dated 2/25/13 | | (HUD 420) |
| 108. | Profit Recap dated 4/25/13 | | (HUD 421) |
| 109. | Copy of jacket cover for Nissan Versa | | (HUD 134) |
| 110. | Hudiburg Used Inventory and Floor Plan for PT Cruiser | | (HUD 146) |
| 111. | Invoice for Sale of Nissan Versa to Latoya April | | (HUD 88 and/or 131) |
| 112. | Hudiburg Nissan Controlled Accounts History Inquiry on Nissan Versa 2/27/13 | | (HUD 130) |
| 113. | PT Cruiser Sale Information | | (HUD 136) |
| 114. | Information Payout Sheet for PT Cruiser dated 2/27/13 | | (HUD 135 or 144) |
| 115. | Seller Report (redacted with only PT Cruiser information) dated 2/27/13 | | (HUD 141) |

| 116. | Receipt of Check from Oklahoma Auto Exchange dated 2/27/13 | | (HUD 142) |
|---|---|---|---|
| 117. | Oklahoma Tax Commission Motor Vehicle Division Lien Entry Form 2/25/13 | | (HUD 99 and 100 and/or 113) |
| 118. | Distribution-Dealer Assignment Form dated 2/28/13 | | (HUD 126) |
| 119. | Distribution-Dealer Assignment Form dated 2/28/13 (corrected) | | (HUD 116 and/or 121) |
| 120. | Application for Oklahoma Certificate of Title for Nissan Versa filed 3/1/13 at 9:00 am | | (HUD 98) |
| 121. | Oklahoma Tax Commission Lien Receipt 3/1/13 at 9:00 am | | (HUD 104-106) |
| 122. | Certificate of Origin for Nissan Versa w/Notation of Lien for 3/1 /l 3 filed at 9:00 am | | (HUD 125) |
| 123. | Certificate of Title dated 3/6/13 | | HUD 143) |
| 124. | Blank Oklahoma Tax Commission Lien Holders Release Form dated 4/04/13-Copies 1,2, and 3 | | (HUD 91 -93 and/or 110-112) |
| 125. | Application for Oklahoma Certificate of Title for Nissan Versa filed 4/4/13 at 2:00 pm | | (HUD 103 and/or 114) |
| 126. | Certificate of Origin for Nissan Versa filed 4/4/13 | | (HUD 102 and 115) |
| 127. | Oklahoma Tax Commission Lien Holders Release Form dated 4/30/13 | | (HUD 90, 127) |
| 128. | Letter from Capitol One to Hudiburg dated 4/30/13 re: Plaintiffs Versa | | (HUD 132) |
| 129. | 6/17/13 E-mail from Robert Rodriguez at Capital One re: Notes from Customer Interview w/Latoya April on 3/4/13 | | (HUD 147-148) |
| 130. | 3/26/13 Letter from Latoya April to Hudiburg | | (HUD 150) |
| 131. | Copy of Envelope for Letter | | (HUD 151) |

| | | | |
|---|---|---|---|
| 132. | Cash Receipts Inquiry 4/26/13 and Copy of Cashier's Check from Latoya April for $312.00 | | (HUD 149 or 153) |
| 133. | Oklahoma Motor Vehicle Commission Complaint Form by Latoya | | April (HUD 155 or 156) |
| 134. | Oklahoma Motor Vehicle Commission Complaint filed by Plaintiff on 3/11/13 | | (HUD 157 or 159,423) |
| 135. | E-mail from Roy Dockum re: Attachment of OMVC Letter re: Complaint | | (HUD 169) |
| 136. | 3/11/13 Email to Plaintiff from Roy Dockum forwarding OMVC cover letter to her | | (HUD 425) |
| 137. | 3/14/13 E-mail from Roy Dockum to Brad Smicklas re: Conversation w/Latoya April | | (HUD 162,426, April 126) |
| 138. | 3/26/13 E-mail string from Roy Dockum to Brad Smicklas re: Phone Message Left for Latoya April | | (HUD 163) |
| 139. | 3/26/13 E-mail from Roy Dockum to Latoya April re: Complaint | | (HUD 165) |
| 140. | 3/28/13 Email string to Plaintiff from Roy Dockum re: OMVC with attachments | | HUD 428-432) |
| 141. | 4/16/13 and 4/15/13 E-mail stings between Roy Dockum and Brad Smicklas re: Status of Deal w/Latoya April | | (HUD 158,166,170 and 433-434) |
| 142. | 4/16/13 and 4/15/13 email string between Roy Dockum and Plaintiff | | (HUD 435) |
| 143. | 4/15 and 4/16 E-mails Between Roy Dockum and Brad Smicklas re: Official Dealership Response | | (HUD 167 and 168) |
| 144. | 4/25/13 Hudiburg Letter w/Official Dealership Response to Latoya April's Complaint | | (HUD 171,436) |
| 145. | E-mail Version of Letter w/Official Dealership Response from Marci | | HUD   172) |

| | | | |
|---|---|---|---|
| | Puckett | | |
| 146. | 4/30/13 Letter from OMVC to Latoya April re: Resolution of Complaint | | (HUD 173 or 174 or 437) |
| 147. | Hudiburg receipt where filled up gas on Plaintiffs Versa | | (HUD 419) |
| 148. | All Defendant's DealerTrack Technologies Documents | | HUD 604-637 |
| 149. | All Defendant's Blank Forms used in the sale of a new car such as Plaintiff's | | HUD 452-544 |
| 150. | Emails between C. Renzi Stone and Ned Berkowitz | | HUD 339-676 |
| 151. | Criminal Records regarding Bogus Checks of D Shawn Coddington from 2004 | Relevance; Prejudicial; 401 et seq. | HUD 401-405 |
| 152. | Civil litigation history for non payment of taxes and outstanding debts on Juan Hidalgo | Relevance; Prejudicial; 401 et seq. | HUD 405-410 |
| 153. | 7/16/13-7/14/14 Email strings between Roy Dockum and Ned Berkowitz | | (HUD 438-488) |
| 154. | State Farm Charges for Insurance on Versa | | HUD 645-648 |
| 155. | 7/2/13 email string between Renzi Stone and Ned Berkowitz | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | (HUD 447-448) |
| 156. | 6/4/13 Email to Ned Berkowitz from Renzi Stone | Relevance; Prejudicial; 401 | (HUD 342) |

17

| | | | |
|---|---|---|---|
| | | et seq.; hearsay; 801 et seq. | |
| 157. | 6/7/13 Email to Ned Berkowitz from Renzi Stone with attachments | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | (HUD 345 - 353) |
| 158. | 6/13/13 email to Ned Berkowitz from Renzi Stone | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | (HUD 357-359) |
| 159. | 6/14/13 email to Ned Berkowitz from Renzi Stone | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | (HUD 360) |
| 160. | 6/19/13 email to Ned Berkowitz from Renzi Stone | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | (HUD 371-374) |
| 161. | 6/19/13 email to Ned Berkowitz from Renzi Stone | Relevance; | (HUD 375-381) |

| | | | |
|---|---|---|---|
| | | Prejudic ial; 401 et seq.; hearsay; 801 et seq. | |
| 162. | Hudiburg Accounting Codes regarding the date, times and meaning of the Defendant's records of the subject transaction | | HUD 655-676 |
| 163. | Accounting entries on Plaintiff's deal to illustrate the actual profit on the sale of the Versa | | HUD331-338 |
| 164. | Hudiburg Indirect Lender Agreements with relevant Indirect Lenders in Plaintiff's transaction | Relevan ce; Prejudic ial; 401 et seq.; hearsay; 801 et seq. | HUD225-274 |
| 165. | Emails to Plaintiff from Defendant confirming the sales transaction | Relevan ce; Prejudic ial; 401 et seq.; hearsay; 801 et seq. | HUD 280-320 |
| 166. | Autocheck report on Nissan Versa sold to Plaintiff | Not produce d | |
| 167. | Warranty Information on Versa | | HUD 683-697 |
| 168. | Exeter's National Rate Sheet | Relevan ce; Prejudic | HUD 587 |

| | | | |
|---|---|---|---|
| | | ial; 401 et seq.; hearsay; 801 et seq. | |
| 169. | Capital One Auto Finance Diamond Dealer  FCS Sheet | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | HUD 589-591 |
| 170. | Exeter Subpoena Response Documents | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq. | |
| 171. | Capital One Green Card on Certified Mail Receipt of Plaintiff's Subpoena | | |

B.    Defendant:

**Exhibit List**

Defendant Hudiburg Nissan, LLC, anticipates introducing the following exhibits for its case in chief during trial.

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| No. | Description | Objection |
|-----|-------------|-----------|
| 1. | Salesperson Checklist Before Going to Business Manager (HUD 1) | |
| 2. | Pre-Delivery Sheet (HUD 2) | |
| 3. | Finance Sheet (HUD 3) | |
| 4. | Handwritten Notes (HUD 4) | |
| 5. | Price Quote Request Form (HUD 4b) | |
| 6. | Appraisal Form 2/23/13 (HUD 5) | |
| 7. | VIN/ZIP Incentive Lookup 2/23/13 (HUD 6) | |
| 8. | Hudiburg Nissan VIN Verification Form (HUD 7) | |
| 9. | We Owe/You Owe Form 2/23/13 (HUD 8) | |
| 10. | Motor Vehicle Delivery Agreement 2/23/13 (HUD 9) | |
| 11. | Customer's Statement (HUD 10 and/or 11) | |
| 12. | Retail Installment Sales Contract 2/23/13 (HUD 175-176) | |
| 13. | Purchase Agreement 2/23/12 | |
| 14. | Agreement to Provide Insurance 2/23/13 (HUD 65 and/or 66) | |
| 15. | Power of Attorney signed on 2/23/13  (HUD 138) | |
| 16. | New Vehicle Delivery Checklist (HUD 72) | |
| 17. | Pre-Delivery Inspection Checklist (HUD 73) | |
| 18. | 2013 Versa Sedan Delivery Checklist (HUD 74) | |
| 19. | 2013 Versa Sedan Delivery Checklist  (HUD 75) | |
| 20. | References Sheet for Latoya April (HUD 76) | |
| 21. | Odometer Disclosure Statement for Nissan Versa from 2/23/13 (HUD 77 and/or 78) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| 22. | Odometer Disclosure Statement for Trade In Vehicle (HUD 79) | |
|---|---|---|
| 23. | Copy of Latoya April's Driver's License (HUD 80) | |
| 24. | Copy of Car Insurance Card for Latoya April (HUD 152) | |
| 25. | MSRBP of Versa | |
| 26. | DealerTrack Application Form (HUD 27-37, 54) | |
| 27. | Transunion Credit Report Summary for Latoya April 2/23/13 (HUD 51-53) | |
| 28. | Transunion Credit Report Summary for Latoya April (unredacted) | |
| 29. | DealerTrack Application Decision Information History 2/25/13 (HUD 38-39) | |
| 30. | Customer Folder Detail Form for Latoya April (HUD 40 and/or 41) | |
| 31. | Copy of Latoya April's Car Insurance Card (HUD 47) | |
| 32. | DealerTrack eContracting Fax Cover Sheet (HUD 42 and HUD 43) | |
| 33. | Capital One Financing Approval 2/25/13, submitted (HUD 46) | |
| 34. | Capital One Financing Approval 2/25/13, received at 2:37 pm (HUD 44 or 45) | |
| 35. | NMAC/IFS Application Status 2/25/13 (HUD 89) | |
| 36. | 3 Tier Odometer Statement, Authorization for Payoff and Power of Attorney Form (HUD 145) | |
| 37. | Odometer Disclosure Statement for Trade In Vehicle dated 2/25/13 | |
| 38. | TT&L Agreement dated 2/25/13 | |
| 39. | E-Contract photographed shots of e-pad language (HUD 317-319) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| 40. | Copy of Cover Folder for Sale of Nissan Versa to Latoya April (HUD 61) | |
|-----|-----|-----|
| 41. | Purchase Agreement 2/25/13 (HUD 13 and 13b; HUD 505-506) | |
| 42. | Arbitration Agreement 2/25/13 (HUD 14) | |
| 43. | Acknowledgment of Rewritten Contract 2/25/13 (HUD 15) | |
| 44. | Retail Installment Sale Contract Simple Finance Charge E-Contract (HUD 19- 24) | |
| 45. | Privacy Notice and Customer Choice dated 2/25/13 (HUD 57) | |
| 46. | Nissan Incentive Claim Form 2/25/13 (HUD 62) | |
| 47. | Identity Theft Prevention Program Worksheet 2/25/13 (HUD 63) | |
| 48. | Red Flags Detected Form (HUD 64) | |
| 49. | Vehicle Service Contract Application/Declaration 2/25/13 (HUD 84 and/or 85) | |
| 50. | Hudiburg Auto Group Delivery and Document Confirmation 2/25/13 (HUD 86) | |
| 51. | Hudiburg Auto Group TT&L Agreement 2/25/13 (HUD 96) | |
| 52. | Retail Installment Sales Contract - MECU unsigned contract  (HUD 12 and 12b, HUD 16 and 17) | |
| 53. | ME/CU Addendum to Retail Installment Sales Contract (HUD 26) | |
| 54. | ME/CU Account/Signature Card (HUD 25) | |
| 55. | Account Services Form (HUD 55) | |
| 56. | Certificate of Origin for Nissan Versa (HUD 97) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| | | |
|---|---|---|
| 57. | Nissan Motor Company Vehicle Invoice 11/27/12 (HUD 59) | |
| 58. | Nissan Invoice for Versa 1/20/12 (HUD 56, 58 and/or 60) | |
| 59. | Hudiburg receipt dated 11/29/13 re: Versa  (HUD 320) | |
| 60. | VinSolutions Customer Dashboard for Latoya April (HUD 67-70) | |
| 61. | Capital One Auto Finance Conditions for 89141482 as of Saturday, June 1, 2013 (HUD 71) | |
| 62. | Hudiburg Nissan Deal Activity Sheet for Latoya April 2/25/13 (HUD 49, 82) | |
| 63. | Hudiburg Nissan Deal Activity Sheet for Latoya April 2/23/13 (HUD 50, 83) | |
| 64. | Hudiburg Nissan Deal Activity Sheet for Latoya April 2/27/13 (HUD 48 and 81) | |
| 65. | Deal Recap for Latoya April (HUD 87) | |
| 66. | Commission Voucher for Price Emery 2/25/13 (HUD 128 and/or 129) | |
| 67. | Latoya April's W-2 Form for 2012 faxed on 3/7/13 from Plaintiff  (HUD 154) | |
| 68. | Profit Recap dated 2/25/13 (HUD 420) | |
| 69. | Profit Recap dated 4/25/13 (HUD 421) | |
| 70. | Copy of jacket cover for Nissan Versa (HUD 134) | |
| 71. | Hudiburg Used Inventory and Floor Plan for PT Cruiser (HUD 146) | |
| 72. | Invoice for Sale of Nissan Versa to Latoya April (HUD 88 and/or 131) | |
| 73. | Hudiburg Nissan Controlled Accounts History Inquiry on Nissan Versa 2/27/13 (HUD 130) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| 74. | Copy of Jacket cover for PT Cruiser file (HUD or 137 or 139) | |
|---|---|---|
| 75. | Sale Contract with Oklahoma Auto Exchange for PT Cruiser dated 2/27/13 (HUD 140) | |
| 76. | PT Cruiser Sale Information (HUD 136) | |
| 77. | Information Payout Sheet for PT Cruiser dated 2/27/13 (HUD 135 or 144) | |
| 78. | Seller Report (redacted with only PT Cruiser information) dated 2/27/13 (HUD 141) | |
| 79. | Receipt of Check from Oklahoma Auto Exchange dated 2/27/13 (HUD 142) | |
| 80. | Oklahoma Tax Commission Motor Vehicle Division Lien Entry Form 2/25/13 (HUD 99 and 100 and/or 113) | |
| 81. | Distribution-Dealer Assignment Form dated 2/28/13 (HUD 126) | |
| 82. | Distribution-Dealer Assignment Form dated 2/28/13 (corrected)  (HUD 116 and/or 121) | |
| 83. | Application for Oklahoma Certificate of Title for Nissan Versa filed 3/1/13 at 9:00 am (HUD 98) | |
| 84. | Oklahoma Tax Commission Lien Receipt 3/1/13 at 9:00 am (HUD 104-106) | |
| 85. | Oklahoma Tax Commission Lien Holders Release Form 3/1/13 at 9:00 am (HUD 107 and/or 108, 118, 120, 122 - 124) | |
| 86. | Certificate of Origin for Nissan Versa w/Notation of Lien for 3/1/13 filed at 9:00 am  (HUD 125) | |
| 87. | Hudiburg Nissan Error Sheet (HUD 101, 119) | |
| 88. | Certificate of Title dated 3/6/13 (HUD 143) | |
| 89. | Ownership Transfer Information Form/Reassignment of Title dated 3/7/13 (HUD 117) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| | | |
|---|---|---|
| 90. | Blank Oklahoma Tax Commission Lien Holders Release Form dated 4/04/13- Copies 1,2, and 3 (HUD 91-93 and/or 110-112) | |
| 91. | Application for Oklahoma Certificate of Title for Nissan Versa filed 4/4/13 at 2:00 pm (HUD 103 and/or 114) | |
| 92. | Oklahoma Tax Commission Lien Receipt 4/4/13 (HUD 95 and/or 109 and 94) | |
| 93. | Certificate of Origin for Nissan Versa filed 4/4/13 (HUD 102 and 115) | |
| 94. | Oklahoma Tax Commission Lien Holders Release Form dated 4/30/13 (HUD 90, 127) | |
| 95. | Letter from Capitol One to Hudiburg dated 4/30/13 re: Plaintiff's Versa (HUD 132) | |
| 96. | 6/17/13 E-mail from Robert Rodriguez at Capital One re: Notes from Customer Interview w/Latoya April on 3/4/13 (HUD 147-148) | |
| 97. | 3/26/13 Letter from Latoya April to Hudiburg (HUD 150) | |
| 98. | Copy of Envelope for Letter (HUD 151) | |
| 99. | Cash Receipts Inquiry 4/26/13 and Copy of Cashier's Check from Latoya April for $312.00 (HUD 149 or 153) | |
| 100. | Oklahoma Motor Vehicle Commission Complaint Form by Latoya April (HUD 155 or 156) | |
| 101. | Oklahoma Motor Vehicle Commission Complaint filed by Plaintiff on 3/11/13 (HUD 157 or 159, 423) | |
| 102. | E-mail from Roy Dockum re: Attachment of OMVC Letter re: Complaint (HUD 169) | |
| 103. | 3/11/13 Letter from Oklahoma Motor Vehicle Commission to Hudiburg Nissan re: Latoya April's Complaint  (HUD 160 and 161 and 424) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| | | |
|---|---|---|
| 104. | 3/11/13 Email to Plaintiff from Roy Dockum forwarding OMVC cover letter to her   (HUD 425) | |
| 105. | 3/14/13 E-mail from Roy Dockum to Brad Smicklas re: Conversation w/Latoya April (HUD 162, 426, April 126) | |
| 106. | 3/26/13 E-mail string from Roy Dockum to Brad Smicklas re: Phone Message Left for Latoya April (HUD 163; HUD 427) | |
| 107. | 3/26/13 E-mail from Roy Dockum to Latoya April re: Complaint (HUD 165) | |
| 108. | 3/26/13 E-mails Between Roy Dockum and Brad Smicklas re: Latoya April (HUD 164) | |
| 109. | 3/28/13 Email string to Plaintiff from Roy Dockum re: OMVC with attachments (HUD 428 - 432) | |
| 110. | 4/16/13 and 4/15/13 E-mail stings between Roy Dockum and Brad Smicklas re: Status of Deal w/Latoya April (HUD 158, 166, 170 and 433-434) | |
| 111. | 4/16/13 and 4/15/13 email string between Roy Dockum and Plaintiff (HUD 435) | |
| 112. | 4/15 and 4/16 E-mails Between Roy Dockum and Brad Smicklas re: Official Dealership Response (HUD 167 and 168) | |
| 113. | 4/25/13 Hudiburg Letter w/Official Dealership Response to Latoya April's Complaint (HUD 171, 436) | |
| 114. | E-mail Version of Letter w/Official Dealership Response from Marci Puckett (HUD   172) | |
| 115. | 4/30/13 Letter from OMVC to Latoya April re: Resolution of Complaint (HUD 173 or 174 or 437) | |
| 116. | Hudiburg receipt where filled up gas on Plaintiff's Versa (HUD 419) | |
| 117. | Dealer Track logs (Exhibit 1 of Hector Vale's deposition) | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| | | |
|---|---|---|
| 118. | Dealer Track MSMQ Log (Exhibit 1 of Hector Vale's deposition) | |
| 119. | Hudiburg Nissan Red Flag Compliance Report from DealerTrack (Exhibit 5 of Hector Vale's deposition and Pl 98) | |
| 120. | 2/25/13 E-Contract (Exhibit 6 of Hector Vale's deposition) | |
| 121. | Transunion Credit Report (April 107-109 and Exhibit 7 of Hector Vale's deposition) | |
| 122. | Equifax Credit Report (April 117-119; HUD 592-594 and Exhibit 9 of Hector Vale's deposition) | |
| 123. | DealerTrack Compliance Updated Status (April 114; HUD 595 and Exhibit 8 of Hector Vale's deposition) | |
| 124. | Dealer Track Log sorted by Lenders (Exhibit 11 of Hector Vale's deposition) | |
| 125. | Secretly taped conversation by Plaintiff of Juan Hidalgo with ABC Representative Ned Berkowitz | |
| 126. | June 2008, Certificate of Title of PT Cruiser  (April 373/20) | |
| 127. | 3/11/13 Letter from Ally declining a loan for the Versa (April 233/20- 263/20) | |
| 128 | 3/17/13 Letter to Plaintiff from Exeter declining a loan for the Versa (April 203/20) | |
| 129. | 3/8/13 Letter to Plaintiff from NMAC declining loan for the Versa (HUD 679-680) | |
| 130. | 7/1/13 Letter to Plaintiff from Capitol One declining loan for the Versa (HUD 681-682) | |
| 131. | Letter to Plaintiff from Americredit regarding declining loan for the Versa (HUD 698-699) | |
| 132. | Letter to Plaintiff from Santander regarding loan for the Versa | |

**Index of Hudiburg Bates Stamped Documents**
**April v. Hudiburg**
**Our File No.- 2096.0224**

| 133. | Assignment of Title of PT Cruiser in 2009 (April 393/20 - 403-20) | |
|---|---|---|
| 134. | Documents produced by Express Credit Auto regarding Plaintiff's purchase of the PT Cruiser | |
| 135. | Exeter National Rate Sheet (HUD 587- 588) | |
| 136. | Capitol One Rate Sheet (HUD 589-591) | |
| 137. | Unredacted Transunion Report produced by Plaintiff | |
| 138. | Express Credit Auto Docs (HUD 700-743) | |
| 139. | Nissan Versa Invoices and PreDelivery Checklist documents (HUD 686-689) | |
| 140. | Exhibits yet to be prepared by handwriting expert, including but not limited to a power point presentation and/or overhead projection/slides | |
| 141. | All exhibits listed by Plaintiff not objected to by this Defendant | |
| 142. | As discovery is ongoing, Defendant reserves the right to supplement said exhibit list | |

Defendant Hudiburg may introduce the following exhibits.

**April v. Hudiburg**
**Our File No.- 2096.0224**

| No. | Description | Objection |
|---|---|---|
| 1. | OESC records of Plaintiff | |
| 2. | Subpoena documents from Express Credit Auto | Relevance; Prejudicial; 401 et seq.; hearsay; 801 et seq; Not specific enough to properly object. |
| 3. | Subpoena documents from Fenton Nissan | |
| 4. | Documents relating to Plaintiff's insurance with State Farm | |
| 5. | RDR Sheet (HUD 507-508) | |
| 6. | Subpoena documents from Capitol One not objected to by this Defendant | Objection: No documents received by Plaintiff in response to the Subpoena |
| 7. | Subpoena documents from Exeter not objected to by this Defendant | |
| 8. | All exhibits attached and introduced during depositions, not objected to by this Defendant | |
| 9. | Plaintiff's telephone records (Pl 203) | |

Depending upon the Court's ruling on certain evidentiary issues, Hudiburg Nissan may introduce the following exhibits:

**April v. Hudiburg**
**Our File No.- 2096.0224**

| No. | Description | Objection |
|---|---|---|
| 1. | 7/16/13 - 7/14/14 Email strings between Roy Dockum and Ned Berkowitz (HUD 438 -441 ) | |
| 2. | 7/2/13 email string between Renzi Stone and Ned Berkowitz (HUD 447-448) | |
| 3. | 6/4/13 Email to Ned Berkowitz from Renzi Stone (HUD 342) | |
| 4. | 6/7/13 Email to Ned Berkowitz from Renzi Stone with attachments  (HUD 345 - 353) | |
| 5. | 6/13/13 email to Ned Berkowitz from Renzi Stone (HUD 357-359) | |
| 6. | 6/14/13 email to Ned Berkowitz from Renzi Stone (HUD 360) | |
| 7. | 6/14/13 email to Ned Berkowitz from Renzi Stone (HUD 363- 366) | |
| 8. | 6/19/13 email to Ned Berkowitz from Renzi Stone (HUD 371-374) | |
| 9. | 6/19/13 email to Ned Berkowitz from Renzi Stone (HUD 375-381) | |
| 10. | Hudiburg Nissan financial statements (if the Court allows such evidence to be submitted to the jury although Defendant would object to the same) HUD 321-338) | |
| 11. | 7/12/13 email string between Roy Dockum and Ned Berkowitz  (HUD 441) | |
| 12. | 6/14/13- 6/18/13 email string between Roy Dockum and Ned Berkowitz (HUD 441-443) | |
| 13. | 6/30/13 Email between Ned Berkowitz and Renzi Stone (HUD 345- 353) | |
| 14. | Memorandum to Ned Berkowitz from Hudiburg (HUD 356) | |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| 15. | Email to Ned Berkowitz from Renzi Stone (HUD 357-359) | |
|---|---|---|
| 16. | 6/17/13 Email between Ned Berkowit and Renzi Stone  (HUD 363-367) | |
| 17. | 6/19/13 Emails between Ned Berkowitz and Renzi Stone (HUD 371-381) | |

8.    <u>WITNESS</u>.    (The following exclusionary language <u>MUST</u> be included).

A.    <u>Plaintiff</u>:

| Witness No. | Name and Address | Expected Testimony | <u>Objection</u> |
|---|---|---|---|
| 1 | Latoya April c/o Rawls Law Office,  2404 S. Broadway Moore, OK 73160 | Deposed - Testify as to the facts, circumstances concerning the purchase and financing of the subject vehicle, attempts to rescind the transaction, number of contracts she was requested to sign and all details regarding her interaction with the Defendant. | |
| 2 | Sandra April c/o Rawls Law Office,  2404 S. Broadway Moore, OK 73160 | Deposed - Testify as to the facts, circumstances concerning the purchase and financing of the subject vehicle by her daughter, attempts to rescind the transaction, number of contracts she was requested to sign and all details regarding  her  daughter's interaction with the Defendant. | |
| 3 | Price Emery 8808 S. Miller Ave Oklahoma City, OK | Deposed-Communications with Plaintiff and her mother and the sales documents which he originated and the sales process itself. | |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| | | | |
|---|---|---|---|
| 4 | D'Shawn Coddington c/o Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, transaction document retention, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| 5 | Juan Hidalgo c/o Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, transaction document retention, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| 6 | Renzi Stone Saxum Public Relations 1300 N. Broadway Dr. Oklahoma City, OK 73103 | Deposed-Communications with Hudiburg and ABC television regarding the allegations of the Plaintiff and the airing of the television show, ABC the Lookout. | |
| 7 | Brittany Gonzalez c/o Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, transaction document retention, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| 8 | Billie King c/o Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, transaction document retention, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| --- | --- | --- | --- |
| 9 | Used Car Sales Manager Hudiburg Nissan c/o Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Communications, documents, accounting, transaction document retention, used car sales and preparation, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| 10 | Marci Puckett c/o Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| 11 | Allison Willingham Co/ Home Care Medical Pharmacy 4401 S. Walker Ave, Oklahoma City, OK 73109 | Layoff of Latoya April and any knowledge of her unemployment benefits. | |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| | | | |
|---|---|---|---|
| 12 | Ryan Warren c/o  Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, transaction document retention, notarial obligations, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| 13 | Ned Berkowitz c/o ABC Television NYC,  NY | Communications to and from Hudiburg and Plaintiff regarding the Plaintiff's transaction. | |
| 14 | Roy Dockum OK New Motor Vehicle Commission 4334 NW Expressway Suite 183 Oklahoma City, OK  73116 | Communications to and from Hudiburg and ABC regarding the complaint and allegations of the Plaintiff, the ABC television show the Lookout, licensure requirements for new car salesmen generally and Hector Ortiz's licensure history particularly. | |
| 15 | Jean Head c/o  Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Communications, documents, accounting, transaction document retention, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, Hudiburg personnel, notarial obligations and duties, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |

April v. Hudiburg
Our File No.- 2096.0224

| 16 | Corporate Representative Oklahoma Auto Exchange 2727 SW 25th Oklahoma City, OK  73108 | Deposed-Communications to and from Hudiburg Nissan regarding the sale of one 2006 Chrysler PT Cruiser Touring 3A4FY58BX6T350425, profit on the sale and all details and facts regarding its sale. | |
|---|---|---|---|
| 15 | Brad Smicklas c/o  Hilary S. Allen Durbin, Larimore & Bialick 920 North Harvey Oklahoma City, OK 73102-2610 | Deposed-Communications, documents, accounting, transaction document retention, notarial obligations, software, and facts of the Plaintiff's transaction with Defendant; business practices and profit of Hudiburg Nissan, personnel, communications, pleadings and all other subject areas which are relevant to the claims of the Plaintiff and/or the statements/defenses asserted by Defendant. | |
| 16 | Corporate Representative Quality Towing 4204 Classen Circle Norman OK  73071 | Communications to and from Quality Towing with anyone regarding the 2006 Chrysler PT Cruiser Touring 3A4FY58BX6T350425, profit on the sale and all details and facts regarding its sale. | |
| 17 | Corporate Representative Exeter Finance Corp. P.O. Box 166008 Irving, TX 75016 | Communications, documents, accounting, software, business practices and profit of Hudiburg Nissan, by and between Hudiburg personnel and any others,  regarding the Plaintiff's transaction with the Defendant. | |
| 18 | Terry Hamm Director of OK Tax OTC PO Box 26940 Oklahoma City, OK 73126-0940 | Lien discrepancies with Capital One Auto Finance and notarial violations of Hudiburg Nissan as it pertains to this transaction. | |

April v. Hudiburg
Our File No.- 2096.0224

| | | | |
|---|---|---|---|
| | Randy Henrich Corporate Rep Dealertrack Technologies 1111 Marcus Ave. New Hyde Park, NY 11042 | Trial Deposition-Designated | *Defendant objects to any testimony by Randy Henrick as he attempts to opine on the law and invades the province of the jury and the court and furthermore his testimony contains speculation and conjecture, contains irrelevant information and information that is prejudicial and confusing and misleading.* |
| 19 | Hector Vale, Corporate Rep Dealertrack Technologies 1111 Marcus Ave. New Hyde Park, NY 11042 | Trial Deposition-Designated | Deposed. |
| 20 | All of Defendant's witnesses not objected to by Plaintiff | | |
| 21 | Any rebuttal witnesses which may become necessary | | |

B.      Defendant:

**April v. Hudiburg**
**Our File No.- 2096.0224**

Defendant Hudiburg Nissan, LLC, anticipates calling the following witnesses for its case in chief during trial.

| No. | Witnesses | Proposed Testimony | Expected / May Be Called and Used |
|---|---|---|---|
| | Plaintiff, Latoya April c./o Kathi Rawls | Deposed. It is anticipated that Plaintiff will testify regarding the facts and circumstances surrounding the allegations in her Complaint, the purchase of Nissan Versa from Hudiburg and circumstances surrounding the same and damages allegedly sustained as a result of the same. | Expected to be called |
| | D'Shawn Coddington c/o Durbin, Larimore & Bialick | Deposed. It is anticipated that she will testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint, including the financing of the Nissan Versa from Hudiburg, her involvement with Plaintiff and the circumstances surrounding the same and damages Plaintiff allegedly sustained as a result of the same. | Expected to be called |
| | Juan Hidalgo c/o Durbin, Larimore & Bialick | Deposed. It is anticipated that he will testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint, including but not limited to, the financing of the Nissan Versa from Hudiburg, his involvement with Plaintiff and the circumstances surrounding the same and Plaintiff's damages allegedly sustained as a result of the same and DealerTrack's issues. | Expected to be called |

April v. Hudiburg
Our File No.- 2096.0224

| | | | |
|---|---|---|---|
| 4. | Price Emery<br>c/o Durbin, Larimore & Bialick | Deposed. It is anticipated that he will testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the purchase of the Nissan Versa from Hudiburg, his involvement with Plaintiff and the circumstances surrounding the same and damages allegedly sustained as a result of the same. | Expected to be called |
| 5. | Ryan Warren<br>c/o Durbin, Larimore & Bialick | It is anticipated that he will testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the purchase of the Nissan Versa from Hudiburg, his involvement with Plaintiff and the circumstances surrounding the same and damages allegedly sustained as a result of the same. | Expected to be called |
| 6. | Brad Smicklas<br>c/o Durbin, Larimore & Bialick | It is anticipated that he will testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the purchase of the Nissan Versa from Hudiburg, his involvement with Plaintiff and the circumstances surrounding the same and damages allegedly sustained as a result of the same. | Expected to be called |
| 7. | Billie King<br>c/o Durbin, Larimore & Bialick | It is anticipated that witness will testify as to Plaintiff's purchase of the Versa and the trade in of her PT Cruiser and regarding the title documents and facts and circumstances surrounding Plaintiff's allegations made in her Complaint and her alleged damages. | Expected to be called |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| 8. | Marci Puckett<br>c/o Durbin, Larimore & Bialick | It is anticipated that the witness will testify regarding the facts and circumstances surrounding the allegations in Plaintiff's Complaint, Hudiburg's response to the OMV and communication with Plaintiff and her involvement in the purchase of the Nissan Versa from Hudiburg and the circumstances surrounding the same and damages allegedly sustained as a result of the same. | Expected to be called |
|---|---|---|---|
| 9. | Allison Willingham<br>Home Care Pharmacy | Plaintiff's supervisor at Home Care Medical Pharmacy - will testify that Plaintiff was let go first thing  in the morning of 2/25/12 and will testify regarding Plaintiff's employment. | May be called |
| 10. | Robert Rodriguez<br>Capitol One Representative | Will testify as to discussions and information regarding Plaintiff's financing of the Nissan Versa with Capitol One and of discussions pertaining to the same with Plaintiff and Capital One's involvement and information received and sent regarding the same. | Expected to be called |

April v. Hudiburg
Our File No.- 2096.0224

| 11. | Arthur Linville<br>11408 Burning Oaks Drive<br>Oklahoma City OK  73150 | Will testify as a handwriting expert.  He will testify to his review of documents and Plaintiff's claims that she signed and did not sign various documents and of her handwriting authentication and identification. Mr. Linville will testify that all signatures associated in both transactions of 2/23/13 and 2/25/13 and all the documents in this case were authored and signed by the same person,  Plaintiff, Latoya April. | Expected to be called. |
| --- | --- | --- | --- |
| 12. | Hector Vale<br>Dealer Track | Deposed.  Will testify regarding the DealerTrack processes and the facts and circumstances surrounding Plaintiff's purchase of the Nissan Versa based on the information provided via DealerTrack. . | Expected to be called. Designated Deposition. |
| 13. | Greg Ryan<br>c/o Durbin, Larimore & Bialick | Deposed. Will testify as to the facts and circumstances surrounding the purchase of Plaintiff's Nissan Versa and his dealings with Plaintiff after she filed the OMVC complaint. | Expected to be called |
| 14 | Mike Clopton<br>Owner of Oklahoma Auto Auction | Deposed. Will testify as to the facts and circumstances surrounding the sale and type of car sold at the auction and the sale of Plaintiff's PT Cruiser | Expected be called. |
| 16. | Sandra April<br>Oklahoma City, OK | Deposed.  Will testify as to the facts and circumstances surrounding Plaintiff's purchase of the Nissan Versa | May be called |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| 17. | Representative of Capitol One | Will testify as to the authenticity and identification of the adverse action letter sent to Plaintiff and circumstances surrounding the sending of the adverse action letter | May be called |
|---|---|---|---|
| 18. | Representative of Americredit | Will testify as to the authenticity and identification of the adverse action letter and circumstances surrounding the sending of the adverse action letter | May be called |
| 19. | Representative of Santander | Will testify as to the authenticity and identification of the adverse action letter and circumstances surrounding the sending of the adverse action letter | May be called |
| 20. | Representative of Ally | Will testify as to the authenticity and identification of the adverse action letter and circumstances surrounding the sending of the adverse action letter | May be called |
| 21. | Representative of Exeter | Will testify as to the authenticity and identification of the adverse action letter and circumstances surrounding the sending of the adverse action letter | May be called |

**April v. Hudiburg**
**Our File No.- 2096.0224**

| 22. | Representative of NMAC | Will testify as to the authenticity and identification of the adverse action letter and circumstances surrounding the sending of the adverse action letter | May be called |
|---|---|---|---|
| 23. | All witnesses needed to identify and authenticate any documents or exhibits | | |
| 24. | All witnesses listed by Plaintiff not objected to by this Defendant | | |
| | | | |

9.    <u>ESTIMATED TRIAL TIME</u>:

Plaintiff estimates: 5 days

10.   <u>BIFURCATION REQUEST</u>:    Yes_____        No__X__

11.   <u>POSSIBILITY OF SETTLEMENT</u>:

Good_____     Fair_____x_____     Poor_____

All parties approve this Report and understand and agree that this Report, when approved by the Court, supersedes all pleadings, shall govern the conduct of the Trial, and shall not be amended except by Order of the Court.

**April v. Hudiburg**
**Our File No.- 2096.0224**

*Respectfully submitted,*


 s/M. Kathi Rawls
M. Kathi Rawls, OBA # 18814
Minal Gahlot, OBA # 22145
Patrick M. Ahern, OBA # 31931
RAWLS LAW OFFICE, P.L.L.C.
2404 S. Broadway
Moore, OK  73160
(405) 912-3225       Telephone
mkr@rawlslawoffice.com
minal@rawlslawoffice.com
patrick@rawlslawoffice.com
*Attorneys for Plaintiff Latoya April*

**April v. Hudiburg**
**Our File No.- 2096.0224**

/s Hilary S. Allen
Hilary S. Allen, OBA # 16979
Kaci L. Trojan, OBA # 22752
DURBIN, LARIMORE & BIALICK
920 North Harvey
Oklahoma City, OK  73102-2610
(405) 235-9584          Telephone
(405) 235-0551          Facsimile
dlb@dlb.net
*Attorneys for Defendant*
*Hudiburg Nissan LLC*